IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Ferrill,<br><br>    Plaintiff,<br><br>vs.<br><br>Union Pacific Railroad Company,<br><br>    Defendant. | No.  CIV 08-1828-PHX-MHM<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE MARY H. MURGUIA, U.S. DISTRICT JUDGE:

    The presiding District Judge has referred the pending Unopposed Motion to Enforce Settlement to the undersigned who conducted a settlement conference which resulted in a settlement. Because neither 28 U.S.C. § 636 nor Rule 72 of the Rules of Civil Procedure ("Magistrate Judges: Pretrial Order") provides for a Magistrate Judge to issue an order determining the matter, the undersigned will issue this Report and Recommendation to the presiding District Judge.

    After the parties agreed to settle this case, the essential terms of the settlement were placed on the record during a telephonic hearing before the settlement judge on August 9, 2010, and the docket now includes a written settlement agreement bearing the signature of the Plaintiff. Doc. 64-2 at p. 5. The parties submitted a stipulation for dismissal with prejudice and a proposed form of order on September 15, 2010, which was entered on September 22, 2010, and this cause was terminated (Doc. 63).

1  Meanwhile as described in Plaintiff's Motion, pursuant to the terms of the parties' written 2 settlement agreement, the Defendant issued a check naming Plaintiff and his counsel as payees. 3 Plaintiff's counsel forwarded this check to Plaintiff for his signature but it was never returned. 4 Plaintiff's Motion avows that repeated efforts to contact Plaintiff have been unsuccessful. (The 5 undersigned, in his capacity as the settlement judge, also recently tried to contact Plaintiff via 6 telephone and email but to no avail.)  In light of this impasse final resolution of the case from 7 the parties' perspective is stalled. Plaintiff's Motion proposes that the Court order the Defendant 8 to reissue a check in the name of Plaintiff's counsel -only-  who will then disburse the funds. 9 Before considering this proposal, the Court must consider whether it has the jurisdiction to take 10 any further action in this dismissed case.

11  This case was dismissed with prejudice pursuant to the entry of an Order for Dismissal 12 in the form proposed by the parties.  That Order includes no language preserving the Court's 13 jurisdiction. Plaintiff's Motion suggests that the Court maintained jurisdiction by incorporating 14 terms of the settlement into its dismissal.  The Order for Dismissal does not employ any 15 language incorporating the terms of the settlement.  There is no language in the Order of 16 Dismissal which can reasonably be construed as incorporating any terms; the Order recites the 17 fact of the settlement, the release, payment and the stipulation for dismissal.  The Court's 18 consideration of this issue is guided by the Supreme Court's ruling in *Kokkonen v. Guardian* 19 *Life Ins. Co of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994). *Kokkonen* set forth in clear terms 20 what is required for a federal court to preserve its jurisdiction to address settlement issues post 21 entry of dismissal: there must be a separate provision of the order of dismissal explicitly 22 preserving the court's jurisdiction or the court must incorporate the terms of the settlement in 23 its order of dismissal. "The judge's mere awareness and approval of the terms of the settlement 24 agreement do not suffice to make them part of his order." *Id.* at 381, 114 S.Ct. at 1677.

25  Plaintiff's Motion cites a minute entry of the undersigned Magistrate Judge as 26 constituting the incorporation of the settlement into the Order of Dismissal. This argument fails 27 because the Magistrate Judge served as a mediator, and only the presiding judge would have the

28

power to delineate the parameters of the Order of Dismissal.  Moreover, this argument is further foreclosed by the fact that a magistrate judge has no power to take dispositive action, such as entering a dismissal, absent the consent of the parties and with the approval of the assigned district judge.  Neither factor is present here.  Finally, Plaintiff's Motion tests the bounds of logic by arguing that a minute entry which prescribed the schedule for final execution of the settlement somehow, silently, incorporated the terms of the settlement within its terms.  Parties know how to craft language to preserve the Court's jurisdiction and since *Kokkonen* they have known that such language is required for a court to retain jurisdiction in a dismissed case.  The language the parties submitted for the Court's signature did not preserve any jurisdiction over this dismissed and closed matter.  The Court has no power to act and accordingly,

**IT IS RECOMMENDED** that the Plaintiff's Motion be DENIED (Doc. 64).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment.  The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

1 **IT IS ORDERED** that the Clerk of the Court mail a copy of this Order to Mr. Ferrill at
2 the address set forth in Plaintiff's Counsel's Certificate of Service at Docket No. 64-4.
3 DATED this 22nd day of February, 2011.

_____
David K. Duncan
United States Magistrate Judge