**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Ferrill, ) | No. CV 08-1828-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Union Pacific Railroad Company, ) | |
| Defendant. ) | |

Currently before the Court is Magistrate Judge David Duncan's Report and Recommendation ("R&R"), issued on February 22, 2011. (Doc. 66). Therein, Magistrate Judge Duncan recommends that Plaintiff's attorneys' Unopposed Motion to Enforce Settlement be denied. Neither Party has objected to the R&R. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000). A district court, however, must review the legal analysis in a Magistrate Judge's Report and Recommendation *de novo*. See 28 U.S.C. § 636(b)(1)(C); but see United States v. Reyna-Tapia, 328 F.3d 1114,1121 (9th Cir. 2003) (noting that failure to timely file objections to the magistrate judge's R&R may result in the acceptance of the Report and Recommendation by the district court without further review).

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

On May 26, 2010, this Court entered an Order denying Defendant's Motion for

1  Summary Judgment. (Doc. 44). Thereafter, on August 9, 2010, the Parties engaged in a
2  settlement conference before Magistrate Judge David Duncan. (Doc. 59). The
3  conference resulted in settlement, and on September 15, 2010, the Parties filed their
4  Stipulation of Dismissal with Prejudice. (Doc. 62). Accordingly, on September 22, 2010,
5  this Court issued an Order for Dismissal, noting the fact of the settlement and dismissing
6  the case with prejudice. (Doc. 63).

7  On February 22, 2011, Plaintiff's attorneys filed the Unopposed Motion to Enforce
8  Settlement. (Doc. 64). Therein, they informed this Court that Plaintiff had refused to
9  endorse the settlement check, as was required of him, and could not be reached, and that
10 Plaintiff's refusal to sign the check was stalling the final resolution of this case.
11 Accordingly, Plaintiff's attorneys requested that this Court order Defendant to issue a
12 new settlement check naming Plaintiff's attorneys as the sole payees.   On February 14,
13 2011, this Court referred Plaintiff's attorneys' motion to Magistrate Judge Duncan. (Doc.
14 65). On February 22, 2011, Magistrate Judge Duncan issued the instant R&R,
15 recommending that Plaintiff's attorneys' motion be denied. (Doc. 66). Magistrate Judge
16 Duncan concluded that the Parties had not taken the necessary steps to preserve this
17 Court's jurisdiction over the settlement and, as a result, the Court lacked jurisdiction to
18 take any further action in this matter.

19 **II.    DISCUSSION**

20 This Court agrees with, and adopts in full, the factual findings and legal reasoning
21 of the R&R. As so eloquently explained therein, a court retains jurisdiction over post-
22 dismissal settlement issues only where the order of dismissal contains a provision
23 expressly retaining the court's jurisdiction or where the court has incorporated the terms
24 of the settlement into the order of dismissal. (R&R at 2 (citing Kokkonen v. Guardian
25 Life Ins. Co of America, 511 U.S. 375 (1994)). Magistrate Judge Duncan correctly noted
26 that the Court's September 22, 2010 dismissal Order contains no jurisdiction retaining
27 provision and does not set forth the terms of the settlement. The Parties argue, however,
28 that Magistrate Judge Duncan's August 9, 2010 minute entry, which states that a

1 settlement has been reached and notes that "the essential terms of the Settlement
2 Agreement have been put forth on the record," incorporated the terms of the settlement by
3 reference into this Court's Order of dismissal. (Doc. 59).  The R&R rejected this
4 argument, and this Court agrees with its analysis.  The minute entry is not an order of
5 dismissal, and only a district judge, not a magistrate judge, has the authority to delineate
6 the terms of a dismissal order.  Additionally, it is plainly wrong to suggest, as Plaintiff's
7 attorney's have, that a minute order which does not actually contain the terms of the
8 settlement could somehow silently incorporate those terms into a separate order of
9 dismissal.   Finally, although this Court was not in fact aware of the terms of the Parties'
10 settlement agreement, it notes that a court's awareness and approval of the terms of a
11 settlement does not incorporate those terms into the dismissal order.  Kokkonen, 511 U.S.
12 at 381 ("The judge's mere awareness and approval of the terms of the settlement
13 agreement do not suffice to make them part of his order.").

14     As Magistrate Judge Duncan explained, the steps that must be taken to preserve a
15 court's jurisdiction after settlement and dismissal are clear and well known, and these
16 Parties elected not to take those steps.  This Court therefore no longer has jurisdiction
17 over this case.  Consequently, it finds, after *de novo* review, that Magistrate Judge
18 Duncan's legal analysis and conclusions are correct, and that Plaintiff's  attorneys'
19 Unopposed Motion to Enforce Settlement must be denied.

20     **Accordingly,**

21     **IT IS HEREBY ORDERED** adopting in full the findings of fact and conclusions
22 of law of the R&R.  (Doc. 66).

23 / / /

1  **IT IS FURTHER ORDERED** denying Plaintiff's attorneys' Unopposed Motion
2  to Enforce Settlement. (Doc. 64).
3  DATED this 31st day of March, 2011.

_____
Mary H. Murguia
United States District Judge